## 35025. DAILEY v. DAILEY.

JORDAN, Justice.

Appellant husband and appellee wife were divorced in January 1978 after some 30 years of marriage, their settlement agreement being incorporated in the decree.

After a hearing on a contempt brought by the appellee, the trial court signed an order granting relief to the appellee after disallowing evidence of an alleged loan from appellee to appellant's corporation, and holding that there was no right of set-off in the appellant on the basis of this alleged loan against his alimony obligation to the appellee.

The appellant is the president and sole stockholder of Hangar Cab Company, Inc. The pertinent part of the settlement agreement provided that appellee would continue her employment as bookkeeper for Hangar Cab at a salary of $250 per week, that if this employment was terminated she would continue as a consultant at $165 per week and that if "for any reason" she was no longer employed as full time employee or as a consultant, "then and in that event" the appellant agreed to pay her "alimony for her support and maintenance in the amount of $165.00 per week."

It is uncontested that appellee ceased her full time employment with Hangar Cab on August 16, 1978, and that she has not served the corporation in any capacity since that date, although appellant contends that she is a consultant and that her $165 weekly compensation as a consultant has been paid by a set-off against a debt of appellee to the corporation. However, she could only serve as a consultant by mutual agreement since she could not be forced to serve in that capacity. Therefore her allegation that she was not so serving shows her voluntary refusal to serve, thus meeting the requirement that termination of all employment could be "for any reason."

The trial court therefore did not err in holding appellant personally liable for all payments as alimony due after August 16, 1978, under the terms of the agreement, and further refusing to hear evidence of a set-off against the debt allegedly due the corporation by

the appellee, nor in requiring payment to the appellee of 1/2 of the income tax refund for 1974, 1975, and 1976 as per the agreement.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1979 — DECIDED SEPTEMBER 10, 1979.

*Arthur P. Tranakos, Barry L. Zipperman,* for appellant.

*Charles H. Wills,* for appellee.